IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ANDY DESTY,
   Plaintiff,

v.

NATIONAL VEHICLE RECOVERY OF GEORGIA, INC.,
   Defendant.

Civil Action No.
1:23-cv-05454-SDG

**OPINION AND ORDER**

This matter is before the Court on its review of Plaintiff Andy Desty's response to the August 15, 2025 Order to Show Cause (OTSC) why this action should not be dismissed for lack of subject matter jurisdiction.[1] Desty has not shown the existence of federal jurisdiction.[2] Accordingly, this action is **DISMISSED without prejudice**.

**I.    Discussion**

Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbough v. Y&H Corp.*, 546 U.S. 500, 514 (2006). District courts have original jurisdiction over actions (1) arising under the Constitution, laws, or treaties of the United States or (2) where the amount in controversy exceeds $75,000 and there is complete diversity of citizenship. 28 U.S.C. §§ 1331, 1332. It was Desty's burden to

---

[1]   ECF 56.

[2]   ECF 57.

1

establish this Court's jurisdiction, *DeRoy v. Carnival Corp.*, 963 F.3d 1302, 1311 (11th Cir. 2020), but he has not demonstrated either form of it.

### A.     There is no diversity jurisdiction here.

The OTSC noted that both Desty and Defendant National Vehicle Recovery of Georgia, Inc. are citizens of Georgia.[3] Although Desty's OTSC response argues that diversity jurisdiction exists because the amount in controversy is purportedly $5 million,[4] it also affirms that Desty is a citizen of Georgia.[5] He has not presented evidence that National is a citizen of a different state.[6] In fact, Georgia public records show that National is both headquartered and incorporated in Georgia.[7] National is thus a citizen of Georgia. 28 U.S.C. § 1332(c)(1).

Because the parties are both citizens of Georgia, this Court does not have jurisdiction under 28 U.S.C. § 1332—regardless of the amount in controversy.

---

[3]    ECF 56, at 2.

[4]    ECF 57, at 3, 10.

[5]    *Id.* at 10.

[6]    *See generally* ECF 57.

[7]    https://ecorp.sos.ga.gov/BusinessSearch (search business name: National Vehicle Recovery of Georgia) [https://perma.cc/9VJA-UQWU] (last visited Sept. 3, 2025). The Court may take judicial notice of these records. *Beckley v. City of Atlanta*, No. 1:16-cv-1435-MHC, 2017 WL 6460300, at *4 (N.D. Ga. Oct. 18, 2017) (citing *Universal Express, Inc. v. Sec. & Exch. Comm'n*, 177 F. App'x. 52, 53 (11th Cir. 2006)) ("Public records are among the permissible facts that a district court may consider."); *Henderson v. Sun Pharm. Indus., Ltd.*, 809 F. Supp. 2d 1373, 1379 n.4 (N.D. Ga. 2011) ("The Court is permitted to take judicial notice of documents made publicly available by a government entity.").

*Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) (stating that diversity jurisdiction requires each defendant to be a citizen of a different state from each plaintiff); *Asher v. Birmingham Police Dep't*, No. 2:23-CV-00273-RDP, 2023 WL 2533056, at *3 (N.D. Ala. Mar. 15, 2023) (holding that the court did not have diversity jurisdiction because all the parties were citizens of the same state).

## B.     Federal Question Jurisdiction

Federal question jurisdiction is governed by 28 U.S.C. § 1331. The OTSC made clear that the disparate references in Desty's complaint to various federal statutes and the Constitution were insufficient to show the existence of such jurisdiction.[8] Desty's response to the OTSC suffers from the same flaws. He refers to the equal protection clause, the takings clause, the right to trial by jury, cases from the United States Supreme Court, the Freedom of Information Act, prior decisions of this Court, and the Federal Rules of Civil Procedure.[9] But he has failed to explain what federal cause of action is asserted in his pleading. "[I]t is the facts and substance of the claims alleged, not the jurisdictional labels attached, that ultimately determine whether a court can hear a claim." *DeRoy*, 963 F.3d at 1311. Desty's filings in this case show that the gravamen of his dispute with National is that it allegedly improperly repossessed his vehicle and took his personal

---

8    ECF 56, at 2–3.

9    *See generally* ECF 57, at 2–4, 10–11.

property.[10] This is, in essence, a Georgia tort law claim for theft. But it does not establish federal jurisdiction.

### 1. The Constitution and Treaties

Desty's complaint alleges that National violated his Fourth Amendment rights.[11] Nothing alleged in the pleading or raised in the response to the OTSC suggests how such a claim lies against a private company in connection with the repossession of a car. *Torres v. Madrid*, 592 U.S. 306, 316–17 (2021) (noting that the Fourth Amendment protects against arbitrary invasions of individual privacy and security *by government officials*). Desty's OTSC response also claims violations of the equal protection clause and the takings clause, and deprivation of due process and of the right to trial by jury.[12] But he cannot bolster his contention that this Court has jurisdiction by listing potential federal claims bearing no connection to the allegations in his pleading. An assertion that a claim involves a federal question "must be more than incantation. While jurisdiction does not depend on the contention having ultimate merit, its mere recital cannot confer jurisdiction if the contention is frivolous or patently without merit." *Murphy v. Inexco Oil Co.*, 611 F.2d 570, 573 (5th Cir. 1980) (citations omitted).

---

[10]  ECF 1, at 1–2.

[11]  *Id.* at 2.

[12]  ECF 57, at 2.

Desty also argues that his claims arise under the Treaty of Peace and Friendship of 1836,[13] apparently referring to a treaty between the United States and the Kingdom of Morocco. Not only is this treaty not mentioned in the complaint, but Desty has also not identified any cause of action that could possibly be predicated on a treaty. *See also ATL 21 WR Owner LLC v. Fitzgerald*, No. 5:22-CV-421 (MTT), 2022 WL 18129626, at *2 (M.D. Ga. Dec. 7, 2022) (alteration in original) (quoting *El Ameen Bey v. Stumpf*, 825 F. Supp. 2d 537, 558 (D.N.J.) ("[A] litigant's reliance on any Barbary Treaty, including [reliance] on the Treaty with Morocco, for the purposes of a civil suit raising claims based on the events that occurred within what is the United States' geographical territory is facially frivolous.").

### 2. Federal Statutes

Desty further attempts to rely on a smattering of federal statutes to support federal jurisdiction: 5 U.S.C. § 552a; 10 U.S.C. § 921; 15 U.S.C. §§ 1602, 1681(a)(4)(b), and 1692g; and 18 U.S.C. §§ 241, 242, 641.[14] So does his OTSC response.[15] But, as the Court has already explained, simply listing federal laws doesn't demonstrate there's a federal cause of action or create federal

---

[13] *Id.* at 10.
[14] ECF 1, at 2.
[15] *See, e.g.*, ECF 57, at 2–4, 6–9.

jurisdiction.[16] *Asher*, 2023 WL 2533056, at *3 (concluding there was no federal question jurisdiction where the complaint listed federal laws and constitutional provisions but did not "provide any facts or explanation supporting how Defendants allegedly violated any of these sources of law, nor [did the plaintiff make] any factual allegations indicating that this case arises under federal law").

Here, for instance, 5 U.S.C. § 552a deals with information federal agencies must make available to the public. Nothing in the complaint explains how National allegedly ran afoul of this provision. 10 U.S.C. § 921 is part of the uniform code of military justice; it is not relevant to any of Desty's factual allegations. The criminal statutes Desty identifies (18 U.S.C. §§ 241, 242, 641) do not provide a private right of action. *Smith v. JP Morgan Chase*, 837 F. App'x 769, 770 (11th Cir. 2021) (holding that claims predicated on Title 18 are "without merit because those criminal statutes do not provide for private causes of action"); *Steven MacArthur-Brooks Estate v. Moreno*, 2025 WL 30390 (S.D. Fla. Jan. 6, 2025) (concluding there is no private right of action for any claim under Title 18; describing the complaint as having "almost no facts. Instead, it's a gallimaufry of nonsensical legal conclusions—inapposite legal maxims jumbled together with insubstantial claims, seasoned liberally with citations to the Uniform Commercial Code.").

---

[16]   ECF 56, at 2–3.

That leaves 15 U.S.C. §§ 1602, 1681, 1692. Section 1602 is part of a law that deals with disclosures concerning the costs of consumer credit. Section 1602 itself supplies various definitions and does not supply a cause of action. National is not alleged to have extended Desty credit, so it is unclear what relevant cause of action Desty could have against it. Sections 1681 and 1692 are congressional findings and statements of purpose about the accuracy and fairness of credit reporting and unfair debt collection practices. National is not a credit reporting bureau nor is it alleged to have reported any information to one. *See, e.g.*, 15 U.S.C. § 1681 *et seq.* Nothing in the complaint suggests that National is a creditor or debt collector within the meaning of 15 U.S.C. 1692 *et seq.* In any event, §§ 1681 and 1692 themselves do not provide a cause of action. Desty's incantation of these federal statutes does not establish this Court's jurisdiction.

## II.     Conclusion

Finding no basis for the exercise of this Court's diversity or federal question jurisdiction, this action is **DISMISSED without prejudice**. All pending motions [ECFs 37, 41, 42, 45, 49, 50] are **DENIED as moot**. The Clerk is **DIRECTED** to **CLOSE** this case.

**SO ORDERED** this 15th day of September, 2025.

                                                                                                         _/s/ Steven D. Grimberg_
                                                                                                         Steven D. Grimberg
                                                                                                         United States District Judge